ELWELL v INDUST COMM

Ohio Appeals, 6th Dist, Lucas Co

No 2167. Decided Jan 28, 1929

J H Boyd, Toledo, for Elwell.

E C Turner, Atty Gen, Columbus, and G W Ritter, Toledo, for Comm.

**LLOYD, J.**

The right to file a petition in the court of common pleas in a case such as this, is governed by **Section 1465-90, G. C.** This section provides that if the Industrial Commission finds that it has no jurisdiction to inquire into the claim or, in other words, disallow the claim, the plaintiff may, within thirty days after receipt of notice of such finding, file an application with the Commission for a rehearing of his claim. It further provides for the manner of introducing evidence. If the Commission again finds it has no jurisdiction of the claim, and no authority to inquire into the extent of disability or amount of compensation claimed, then a petition may be filed in the court of common pleas within sixty days after receipt of notice of such action of the Commission. The amended petition of plaintiff clearly shows that the application for rehearing was not filed within the thirty day period provided by statute. The plaintiff attempts to excuse the failure to file an application for rehearing within the time limited, on the ground that she was not aware that the same had to be filed within any particular time, but since one may not avoid the effect of a statutory provision simply by pleading ignorance thereof, it is evident that this would not operate as a waiver of the explicit provisions in this regard of **Sec. 1465-90 G. C.** Since the application of plaintiff for re-hearing was filed more than thirty days after receiving notice from the Industrial Commission of the final disposition of the claim filed by her, the application for a rehearing was properly denied by the Commission, and it is apparent that plaintiff lost her right to file a petition on appeal in the court of common pleas, and that therefore the demurrer was properly sustained.

Judgment of the court of common pleas is affirmed.

Richards' and Williams, JJ, concur.